OPINION CONCURRING IN RESULT
Paul C. Wilson, Judge
I concur in the result reached in the majority opinion, but am dubitante as to the discussion of the common law for co-employee liability.
I take the majority opinion as saying that — even though an injured worker does not need to show fault on the part of the employer to recover under the statutory workers’ compensation scheme — an injured worker’s sole remedy is workers’ compensation and may not recover from a co-employee in tort when the injury results from a breach of the employer’s non-dele-gable duties (among others) to.provide a safe manner or place for work to be done. On that, I concur.
But, to the extent.that the majority opinion suggests that a co-employee may be liable to an injured worker in tort regardless of whether the co-employee commits an affirmative negligent act or merely fails to act, I am concerned the majority goes too far: Resolution of this case does not require abandoning the well-established rule that a co-employee cannot be liable to an injured co-worker in tort unless the co-employee commits an affirmative negligent act, arid I doubt that this rule will fail to resolve any of the limited universe of these cases arising before the 2012 amendment to section 287.120.1, RSMo. The “affirmative act” rule reflects the conclusion that — when an injured worker claims that a co-employee was negligent by omission (i.e., that the eo-em-ployee had a duty to act to protect the injured worker and did not do so) — the co-employee should not be liable in tort because the orily source of such an affirmative duty to act to protect workers’ safety is the employer’s non-delegable • duty to provide a safe workplace. In other words, the only duty of a co-employee to another worker that is independent of the employer’s non-delegable duty act (and, therefore, actionable in tort) is the duty not to act affirmatively to expose that worker to an unreasonable risk of harm not reasonably foreseeable to the employer. '
Accordingly, it is sufficient for the present to concur in the result reached in the majority opinion without necessarily concurring in its suggestion that a co-employee may be liable to an injured worker in tort without committing an affirmative negligent act.